Owen McGtvern, J.
The plaintiff, a charitable organization, moves for a preliminary injunction to enjoin picketing and other acts by the defendant union outside of premises recently purchased by the plaintiff. The premises had previously been operated as the Hotel Capitol and now as a result of a sale effected on December 3, 1956, are occupied by the plaintiff organization. Following such sale and occupancy, pickets appeared bearing placards stating, “ Employees of the Capitol Hotel Locked Out, etc.” Such picketing is sought to be enjoined.
The plaintiff organization maintains that as a charitable corporation not organized for profit-making purposes, it is exempt from collective bargaining under section 715 of the Labor Law. The defendant counters that even if this be so, peaceful picketing constitutes an exercise of free speech, constitutionally guaranteed, and may not be enjoined even in the absence of a labor dispute.
Legally, the positions of both disputants are partially correct. It would appear that the plaintiff, as a long-recognized pillar of the Nation’s private charitable groups, comes within the *257 protection of section 715 of the Labor Law. It is not subject to the inhibitions of section 876-a of the Civil Practice Act. (Jewish Hosp. of Brooklyn v. Doe, 252 App. Div. 581.) But there does not seem to be any legal roadblock to the defendant’s peaceful picketing of the premises, providing the purpose thereof is not unlawful and the placards used are truthful.
The cases cited by plaintiff where peaceful picketing has been enjoined are cases where the objective of the picketing was unlawful. (See, e.g., Goodwins, Inc., v. Hagedorn, 303 N. Y. 300, 307.) Although section 715 of the Labor Law deprives defendant of the use of the machinery provided in the Labor Law to compel collective bargaining, “ the Fourteenth Amendment protects peaceful picketing even by a person who is not in the employ of the party picketed”. (Society of New York Hosp. v. Hanson, 185 Misc. 937, 944, affd. 272 App. Div. 998; A. F. of L. v. Swing, 312 U. S. 321.)
However, when the plaintiff objects to the legends carried by the pickets previous to December 10 last, their objection's are well taken. If peaceful picketing is resumed, the signs must reflect the true facts of the situation, namely, that the Hotel Capitol is no longer the owner of the building, and that its former employees are not and have not been employees of the plaintiff. If peaceful picketing with placards is resumed, the wording of the placards must not seek to convey to the public that the Hotel Capitol is still a going concern, or that its employees have ever had any employment relationship with the Y. W. C. A.
Accordingly, the motion is denied and the temporary stay is vacated and dissolved, with leave to renew the motion if the above admonition as to false placards is not adhered to by defendant. Since a prompt trial is warranted, the ease is set down for January 3 next, and the Clerk of the appropriate part is directed, on payment- of the appropriate fees, to accept a note of issue and add the case to the calendar for said date.
Settle order.